UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 24-cr-543 (JEB) |
| ZACHARY KAM, | |
| Defendant. | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I.    Summary of the Plea Agreement

Defendant Zachary Kam agrees to admit guilt and enter a plea of guilty to Count One of the Second Superseding Information charging the defendant with Resisting Arrest in violation of D.C. Code Section 22-405.01. The Government will dismiss the remaining counts at the time of sentencing.

### II.    Penalties

The penalties for Count One for Resisting Arrest, in violation of D.C. Code Section 22-405.01, are:

(A)    a term of imprisonment of not more than six months in jail;

(B)    a fine not to exceed $1,000;

(C)    a term of probation of not more than five years; and

(D)    a special assessment of between $25 and $250.

The United States Sentencing Guideline §5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised released and/or probation.

### II.    Elements of the Offense

To prove that the defendant is guilty of Resisting Arrest in violation of D.C. Code Section

1

22-405.01, the Government must prove the following beyond a reasonable doubt:

1.    The defendant prevented L.I. or J.R. from arresting or attempting to arrest another person;

2.    The defendant did so intending to prevent the arrest; and

3.    At the time the defendant did so, he knew or had reason to believe that L.I. or J.R. was a United States Park Police officer.

### III.    Proffer of Evidence

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

Prior to July 24, 2024, several groups applied for and were granted permits to demonstrate on the National Mall on July 24, 2024. An organization was granted a sole permit for the area of Columbus Circle, which is located at the intersection of Massachusetts Avenue Northeast and E Street Northeast, Washington, D.C., directly in front of Union Station.

On July 24, 2024, demonstrators began to gather in Columbus Circle starting at approximately 2:50 p.m.

The Defendant, Zachary Kam, attended the demonstration in Columbus Circle during the afternoon of July 24, 2024. At approximately 3:00 p.m. that day, USPP officers were attempting to place an individual under arrest for pulling down a flag from a flagpole in Columbus Circle. The individual fled and USPP officers pursued him and ultimately caught up with him amidst the crowd. As USPP officers were detaining that individual, the Defendant approached USPP Officer L.I. from behind, grabbed the top of Officer L.I.'s vest, and pulled Officer L.I. to the ground, dragging him several feet. Officer L.I. sustained scrapes to his right hand and elbow, and bruising to both knees.

USPP Officer J.R., who was with USPP Officer L.I., tried to pursue the Defendant as the Defendant ran into the crowd, but was unable to catch him. Officers J.R. and L.I. then continued

2

to try and place the initial individual under arrest. Officer L.I. stood in front of other USPP officers, yelling at the crowd to get back, as the crowd continued to yell at and approach the officers. The Defendant returned less than a minute later, this time grabbing Officer J.R.'s vest, and pulling Officer J.R. to the ground. After pulling Officer J.R. to the ground, the Defendant ran into the crowd and escaped.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for each defendant's plea of guilty to the charged crimes. This Statement of the Offense fairly and accurately summarizes and describes some of each defendant's actions and involvement in the offenses to which each is pleading guilty.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:*/s/ Brendan M. Horan*
Brendan M. Horan
Special Assistant United States Attorney
N.Y. Bar No. 5302294
601 D Street, N.W.
Washington, D.C. 20530
(202) 730-6871
Brendan.Horan@usdoj.gov

3

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement after signing it, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, after it is signed, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date:  03/23/2026

Zachary Kam
Defendant

4

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with my client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, by signing the Plea Agreement, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement after signing it, or breaches the Plea Agreement.

Date: 3/23/2026

Christopher Leibig
Attorney for Defendant

5